UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WALTER McFADDEN,<br><br>                Plaintiff,<br><br>   v.<br><br>STATE OF CONNECTICUT DEPT.<br>OF MOTOR VEHICLES,<br><br>                Defendant. | Civil Action No.<br>3:21 - CV - 1660 (CSH)<br><br><br><br>SEPTEMBER 8, 2022 |

### ORDER APPROVING AND ADOPTING RECOMMENDED RULING [Doc. 17] -- DISMISSING COMPLAINT

**HAIGHT, Senior District Judge:**

The Court hereby APPROVES and ADOPTS the "Recommended Ruling" [Doc. 17] of Magistrate Judge S. Dave Vatti in its entirety. Specifically, the Court concurs with Magistrate Judge Vatti's recommendation to dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for "fail[ure] to state a claim on which relief may be granted."

In accordance with a referral from this Court, after granting *pro se* Plaintiff Walter McFadden *in forma pauperis* status [Doc. 2, 7], Magistrate Judge Vatti reviewed the Complaint under 28 U.S.C. § 1915 to determine whether it was subject to dismissal as "frivolous or malicious," "fail[ed] to state a claim on which relief may be granted," or "s[ought] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). During his review of the Complaint, Magistrate Judge Vatti exercised appropriate leniency, liberally construing that *pro se* pleading to

1

"raise the strongest arguments" that it suggested. Doc. 17, at 1 (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)). He concluded that Plaintiff had attempted to state three claims: (1) retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, due to alleged racial discrimination; (2) violation of the Connecticut Personnel Files Act, Conn. Gen. Stat. § 31-128a, *et seq*.; and (3) common law wrongful termination, pursuant to *Sheets v. Teddy's Frosted Foods, Inc.*, 179 Conn. 471 (1980), relating to Plaintiff's exercise of his right to dispute information in his personnel file under Conn. Gen. Stat. § 31-128e.[1] Doc. 17, at 3-4.

As Magistrate Judge Vatti found, the Title VII claim is indisputably time-barred, having been filed by Plaintiff in federal court well in excess of ninety (90) days after he received a right-to-sue letter from the Equal Employment Opportunity Commission, 42 U.S.C. § 2000e-5(f)(1). Doc. 17, at 4-5. That claim will be dismissed *with prejudice* because amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (Where "better pleading will not cure" the substantive problem with a cause of action, "[r]epleading would thus be futile" so "[s]uch a "futile request to replead should be denied.").

Furthermore, with the dismissal of Plaintiff's sole federal claim in the action, the Court will "decline to exercise supplemental jurisdiction" over the remaining state law claims, 28 U.S.C. § 1367(c)(3).[2] As Magistrate Judge Vatti describes, various considerations – such as "judicial

---

[1] *See Howard v. Flagstar Bank,* No. 3:19-cv-1071 (SVN), 2022 WL 1185729, at *3-8 (D. Conn. Apr. 20, 2022) (recognizing *Sheets* claim for wrongful termination based on exercise of rights under Conn. Gen. Stat. § 31-128e).

[2] Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if– . . . (3) the district court has dismissed all claims over which it has original jurisdiction." Upon dismissing the federal Title VII claim, this Court lacks subject matter jurisdiction, which Plaintiff invoked based on a "federal question." Doc. 1, ¶ II. ("Basis for Jurisdiction"); *see* 28 U.S.C. § 1331. Even if Plaintiff had alleged

economy, convenience, fairness, and comity" – "point [the Court] toward declining to exercise jurisdiction over [these] state-law claims." *See* Doc. 17, at 5 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). As the United States Supreme Court explained in *Cohill*, the relevant "factors usually will favor a decision to relinquish jurisdiction when 'state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" 484 U.S. at 350 n.7 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Such state-law claims are properly dismissed "without prejudice." 484 U.S. at 350.

## CONCLUSION

Plaintiff has filed no objection to Magistrate Judge Vatti's "Recommended Ruling" [Doc. 17] and the prescribed period to do so expired on September 2, 2022. *See* Fed. R. Civ. P. 72(b)(2) (objections due "[w]ithin 14 days" after service); *id.* 6(d) (three additional days to object are granted when service is made by mail). Failure to object precludes *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

the alternative of "diversity of citizenship" subject matter jurisdiction, 28 U.S.C. § 1332(a), the facts in the Complaint do not establish such diversity. An individual's citizenship for diversity purposes is determined by his or her domicile, *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); and Plaintiff has presented his home address as located in Shelton, Connecticut, Doc. 1, ¶ I.A. If Plaintiff is actually domiciled in Shelton, he is a citizen of Connecticut. Moreover, with respect to the Connecticut Department of Motor Vehicles, a "State is not a 'citizen' for purposes of diversity [ ] jurisdiction," *Moor v. Alameda*, 411 U.S. 693, 717 (1973); and the Second Circuit has not elaborated on the Supreme Court's approach in *Moor* to determine whether a governmental entity is a citizen for purposes of diversity jurisdiction. However, even if factors in *Moor* were to hypothetically suggest that the Connecticut Department of Motor Vehicles,"an agency of the State of Connecticut," may be "a political subdivision of the state that is empowered to . . . be sued," it would be a "citizen of Connecticut for purposes of diversity of citizenship," thereby destroying diversity if Plaintiff is a citizen of Connecticut. *See Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, 921 F. Supp. 2d 158, 161 (S.D.N.Y. 2013) (quoting *N.Y. Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 n. 5 (2d Cir.1983)).

For all of the foregoing reasons, in concurrence with Magistrate Judge Vatti's well-reasoned "Recommended Ruling" [Doc. 17], this Court DISMISSES Plaintiff's Title VII claim *with* prejudice because repleading would be futile. In contrast, Plaintiff's state law claims are DISMISSED *without* prejudice to Plaintiff filing them in state court.[3]

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Complaint is DISMISSED for failure to state a claim on which relief may be granted. The Clerk is directed to close the file.

It is SO ORDERED.

Dated: New Haven, Connecticut
September 8, 2022

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

[3] In stating that Plaintiff may file his state law claims in state court, the Court voices no opinion as to the merits of those claims.